**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**V.**                    **CASE NO. 5:14-CR-50045**

**WENDY ESPINOZA**                                                                     **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Wendy Espinoza's *pro se* Motion for Compassionate Release (Doc. 63). The Court directed the Government to file a response, and the Government did so, *see* Doc. 65, along with Ms. Espinoza's medical records (Doc. 68). Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons discussed below.

### I. BACKGROUND

On April 3, 2015, Ms. Espinoza was sentenced after pleading guilty to one count of mail fraud and one count of wire fraud. The Court sentenced her to 96 months imprisonment on each count, to run concurrently, three years of supervised release, restitution in the amount of $541,520.00, and a special assessment of $200.00. (Doc. 43). In imposing this sentence, the Court varied upward from the original Guideline sentencing range of 57–71 months, because of the scope, nature, and circumstances of Ms. Espinoza's crime. *See* Doc. 44.

Ms. Espinoza is currently incarcerated at FMC Carswell and has served approximately 72 months of her sentence. She represents that she will be eligible for release on May 11, 2021. Ms. Espinoza seeks early, compassionate release due to her medical condition: Ms. Espinoza tested positive for COVID-19 on July 18, 2020, *see* Doc.

68-2, p. 3, and asserts that her chronic health issues—including hypoglycemia, high blood pressure, anemia, and migraines—put her at greater risk from her COVID-19 infection. Having reviewed her medical records, the Government indicates the Ms. Espinoza also has asthma and a body mass index ("BMI") over 30.  (Doc. 65, p. 9).  The medical records provided to the Court indicate that Ms. Espinoza was seen daily by medical staff between July 24 and August 2, 2020.  She never exhibited a fever or an oxygen saturation level less than 97 percent.  See Doc. 68-2, p. 4.  The records provided do not indicate what, if any, symptoms, Ms. Espinoza experienced, but the notations frequently indicate "no complaints" and/or "appears well." *Id*.

Ms. Espinoza requested compassionate release from the warden of FMC Carswell on July 22, 2020, and her request was marked received on August 1, 2020.  (Doc. 68-1, p. 1).  In its response brief, filed August 17, 2020, the Government indicates that Ms. Espinoza's request has been denied by the warden.  Ms. Espinoza filed the instant Motion in this Court on July 28, 2020.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.* Application Note 1(A)(ii)(I) indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

The Court's ability to rule on Ms. Espinoza's Motion is dependent on whether she: (1) fully exhausted her administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received her request for early release—whichever event is sooner. Here, Ms. Espinoza's request was received by the warden on August 1, so fewer than 30 days have passed, and Ms. Espinoza has not provided any evidence to support her assertion that she has "followed the Administrative Remedy system [and] been advised by the Warden to appeal to the Court."

3

Doc. 63, p. 1. Because Ms. Espinoza has not established that she satisfies either of these requirements, the Court cannot grant Ms. Espinoza the relief that she seeks.[1]

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Wendy Espinoza's *pro se* Motion for Compassionate Release (Doc. 63) is **DENIED.**

**IT IS SO ORDERED** on this 27th day of August, 2020.

                                      TIMOTHY L. BROOKS
                                      UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even if Ms. Espinoza were to refile her motion with evidence that she met the exhaustion requirement, the record does not establish extraordinary and compelling reasons justifying her early release.  The extraordinary and compelling reasons for early release that Ms. Espinoza relies upon in her Motion are the fact of her prior COVID-19 infection combined with her underlying health conditions.  The Court acknowledges that the Centers for Disease Control and Prevention ("CDC") have indicated that people of any age are at increased risk of severe illness from COVID-19 if they have a BMI of 30 or higher.  Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020).  The CDC also indicates that people with moderate-to-severe asthma or high blood pressure may also be at increased risk for severe illness from COVID-19.  *Id.* Thankfully, despite having health conditions that placed her at greater risk, Ms. Espinoza does not appear to have experienced severe illness as a result of her infection with COVID-19.  As noted above, during the period when she was seen daily following her positive COVID-19 test, her medical records indicate that Ms. Espinoza had "no complaints" and/or "appears well." (Doc. 68-2, p. 4).  During a sick call on July 31, 2020, Ms. Espinoza complained of a cough and runny nose and was prescribed an inhaler.  *Id.* at pp. 1–2.  The notes indicate that she "uses inhaler rarely" and only "sometimes needs with URI," which the Court assumes refers to an upper respiratory infection.  *Id.* at p. 2.  But the notes indicate that Ms. Espinoza exhibited no significant shortness of breath, fever, chills, fatigue, or gastrointestinal complaints.  *Id.* at p. 1.  Nor does Ms. Espinoza allege in her Motion that her medical condition has worsened.  Therefore, the Court would not be able to conclude from the record that Ms. Espinoza experienced an exacerbation of her medical condition significant enough to constitute extraordinary and compelling reasons for early release even if Ms. Espinoza satisfied the exhaustion requirement.